# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARKALE SOWELL, | Civil No. 3:16-cv-2316 |
| Petitioner | (Judge Mariani) |
| v. | |
| KEVIN KAUFFMAN, *et al.*, | |
| Respondents | |

## MEMORANDUM

Petitioner Markale Sowell ("Sowell") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Lycoming County, Pennsylvania. (Doc. 1). For the reasons discussed below, the Court will deny the petition.

## I. Factual Background

The factual background of this case has been aptly summarized by the state court as follows:

> On September 26, 2010, at approximately 1:00 p.m. Tamika Moore and some of her female relatives were fighting with some other females, including one or more of [Sowell's] female relatives. The fight broke up and the group of females dispersed. [Sowell], who resided in Harrisburg, came to Williamsport in his aunt's vehicle, arriving in the (late) afternoon . . .
>
> Ms. Moore was in a residence cooking dinner when her son ran into the house and said, "Ma, Aunt Fe is getting jumped." As Ms. Moore went to go outside to see what was going on, she was met at her front screen door by [Sowell], who had a gun in the front of his waistband. [Sowell] pulled a revolver with brown grips from his waistband, pointed it as Ms. Moore's hip

and said[,] "[b]itch, you are coming to the other side." Ms. Moore took this to mean that [Sowell] wanted her to fight on the side of his wife and relatives, instead of with her relatives, who were now engaged in a second fight. Ms. Moore grabbed her eleven year old son who was standing near her, and slammed the front door shut. She called the police, and then she went outside. She saw [Sowell] leaving in a silver sedan just as a police officer was arriving in the area in an unmarked maroon police vehicle. She recognized the vehicle and began yelling and gesturing to the officer that [Sowell] was leaving in the silver sedan. The officer activated his lights and sirens, but [Sowell] sped off.

[Sowell] took the police on a high speed chase through busy intersections in the City of Williamsport. He ran numerous red lights and stop signs. When he attempted to turn left from Fourth Street onto Campbell Street, [Sowell] lost control of the silver sedan, striking a tree and the Weightman apartment building. Two pedestrians, Emily Moon and Alicia Binado, had to jump out of the way to avoid being hit by the vehicle. Although the vehicle was disabled, [Sowell] continued to flee from the police. He jumped out of the vehicle and ran away on foot. The police yelled for him to stop, but [Sowell] did not. The police chased him on foot, and ultimately apprehended him by utilizing their tasers.

The police received consent from the owner of the vehicle and searched the vehicle. They found a .22 caliber H&R revolver with brown grips wrapped in a gold scarf. The police ran the serial number on the gun and discovered that it had been reported stolen. The police also ran a criminal history check on [Sowell] and discovered that he had a robbery conviction in New Jersey, which made it unlawful for him to possess a firearm and rendered him ineligible to obtain a license to do so.

(Doc. 15-1, pp. 70-71, *Commonwealth v. Sowell*, No. 832 MDA 2012, No. 845 MDA 2012

(Pa. Super. 2013) (citing Lycoming County Court of Common Pleas 1925(a) Memorandum

Opinion, dated Nov. 30, 2012)).

## II. State Court Proceedings[1]

On August 3, 2011, a jury convicted Sowell of one count each of fleeing or attempting to elude a police officer, reckless driving, driving without a license, persons not to possess firearms, firearms not to be carried without a license, simple assault, and two counts of recklessly endangering another person. (Doc. 1, p. 1; *see also* https://ujsportal.pacourts.us, electronic docket number CP-41-CR-0001643-2010). On November 30, 2011, the trial court imposed an aggregate sentence of 8½ to 17 years' imprisonment. (*Id.*; Doc. 15-1, pp. 10-12, Sentencing Order).[2]

Sowell pursued direct appeal proceedings. (Doc. 1, p. 2; *see also* https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx, electronic docket number 845 MDA 2012). On November 26, 2013, the Pennsylvania Superior Court affirmed the judgment of sentence. (*Id.*). Sowell filed a petition for allowance of appeal to the Pennsylvania Supreme Court. *See* https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx, electronic docket number 146 MAL 2014. On July 30, 2014, the Pennsylvania Supreme Court denied the petition for

---

[1] A federal habeas court may take judicial notice of state court records. *Montanez v. Walsh*, 2014 WL 47729, at *4 n.2 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Lycoming County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania.

[2] For purposes of this Memorandum, it is noted that Sowell received a sentence of eighteen months to thirty-six months on the offense of fleeing and eluding. (Doc. 15-1, pp. 10-12, Sentencing Order).

allowance of appeal. *Commonwealth v. Sowell*, 91 A.3d 1296 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 96 A.3d 1027 (Pa. 2014). Sowell did not seek a writ of certiorari from the United States Supreme Court, therefore his judgment of sentence became final ninety days later on October 28, 2014. *See* 42 PA. CONS. STAT. § 9545.

On September 29, 2014, Sowell filed a timely *pro se* petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 15-1, pp. 86-115, PCRA Petition; *see also* https://ujsportal.pacourts.us, electronic docket number CP-41-CR-0001643-2010). The PCRA court appointed counsel, who subsequently filed a petition to withdraw as counsel and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). (Doc. 15-1, pp. 116-132). The PCRA court granted counsel's motion to withdraw and granted Sowell's request to proceed *pro se*. (*Id.* at p. 133). On August 4, 2015, the PCRA court entered an order notifying Sowell of its intention to dismiss his PCRA petition without a hearing under Pennsylvania Rule of Criminal Procedure 907. (*Id.* at pp. 134-143). Sowell filed a timely *pro se* response. (*Id.* at pp. 144-48). On September 9, 2015, the PCRA court denied the PCRA petition. (*Id.* at pp. 149-55). On September 18, 2015, Sowell filed a timely *pro se* notice of appeal. (*Id.* at pp. 156-57).

On appeal, Sowell raised the following three issues:

4

I. Whether the trial court erred when it sentenced [Sowell] to a term of 18 to 36 months['] incarceration for a second offense [of] fleeing and eluding, specifically where [Sowell] has previously been convicted of fleeing and eluding[,] is it not against the statue [sic] to sentence [Sowell] to more than 6 months?

II. Whether it was error to sentence [Sowell] on the charge of [recklessly endangering another person], when specifically the alleged victims of this charge failed to appear and have never appeared to be cross[-]examined and have their testimony entered, thereby convicting [Sowell] on mere hearsay testimony?

III. Whether the [trial] court committed error when it held [sic] the verdict for the charges of [recklessly endangering another person] where one of the essential elements was not met, specifically the element of fear of death or bodily injury, as neither of the victims ever appeared at any of the proceedings and were otherwise available to do so?

*Commonwealth v. Sowell*, 2016 WL 4723850, at *1 (Pa. Super. 2016).

On June 29, 2016, the Pennsylvania Superior Court affirmed the PCRA court's September 9, 2015 order. *Id.* Sowell did not file a file a petition for allowance of appeal to the Pennsylvania Supreme Court.

## III. Standards of Review

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A habeas corpus petition pursuant to § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439

(1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 68.

### A. Exhaustion

Habeas corpus relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).[3] Respect for the state court system requires that the

---

[3] In Pennsylvania, pursuant to Order 218 of the Pennsylvania Supreme Court, review of criminal convictions and post-conviction relief matters from the Pennsylvania Supreme Court is discretionary and "unavailable" for purposes of exhausting state court remedies under § 2254. *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). Thus, to exhaust state remedies, a Pennsylvania prisoner need appeal only

petitioner demonstrate that the claims in question have been "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989). To "fairly present" a claim, a petitioner must present its "factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999); *see also Nara v. Frank*, 488 F.3d 187, 197-98 (3d Cir. 2007) (recognizing that a claim is fairly presented when a petitioner presents the same factual and legal basis for the claim to the state courts). While the petitioner need not cite "book and verse" of the federal Constitution, *Picard v. Connor*, 404 U.S. 270, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, *Duncan v. Henry*, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (quoting *Picard*, 404 U.S. at 275, 92 S.Ct. 509).

In this case, Sowell properly exhausted the claim raised in the federal habeas petition.

B. **Merits Standard**

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d). Section 2254(d) provides, in

---

to the Pennsylvania Superior Court.

pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999). Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct. A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error. *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir.

2005). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000). Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record. 28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction." *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)[4]). Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence

---

[4] "If the applicant challenges the sufficiency of the evidence adduced in such State court proceeding to support the State court's determination of a factual issue made therein, the applicant, if able, shall produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination." 28 U.S.C. § 2254(f).

therein should the federal habeas court overturn a state court's factual determination.

*Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

IV. **Discussion**

In the instant petition, Sowell argues that he received an illegal sentence for the offense of fleeing and eluding on the basis that, at the time of his sentence, the statute he was sentenced under was no longer in effect. (Doc. 1, p. 5; Doc. 7, pp. 3-4). The Pennsylvania Superior Court found that this claim lacked merit, and provided the following explanation:[5]

> In his first issue, [Sowell] argues that his sentence of 18 to 36 months' imprisonment for fleeing or eluding is illegal, because the statutory maximum was six months' imprisonment under 75 Pa.C.S.A. § 6503. [Sowell's] Brief at 7. It is axiomatic that "challenges to an illegal sentence can never be waived and may be reviewed *sua sponte* by this Court." *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013) (citation omitted). It is equally well-established that Pennsylvania law does not tolerate an illegal sentence, for "[a] challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction." *Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa. Super. 2011) (citation omitted). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." *Commonwealth v. Hopkins*, 67 A.3d 817, 821 (Pa. Super. 2013) (citation omitted). "An illegal sentence must be vacated." *Id.* "Issues relating to the legality of a sentence are questions of law[.] . . . Our

---

[5] On appeal from the PCRA court, the Pennsylvania Superior Court affirmed the order of the PCRA court. *Commonwealth v. Sowell*, 2016 WL 4723850 (Pa. Super. 2016); Doc. 15-1, pp. 149-155, *Commonwealth v. Sowell*, No. CR-1643-2010, Sept. 9, 2015 PCRA Court Opinion. The Superior Court's opinion is the last reasoned decision by the state courts, and will be the primary reference point in addressing Sowell's claim in the instant habeas petition. *See Simmons v. Beard*, 590 F.3d 223, 231-32 (3d Cir. 2009) (internal quotation marks omitted) (AEDPA deference is given to the "last reasoned decision of the state courts on the petitioner's claims.")

standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

It is true that at the time [Sowell] was sentenced, Section 6503 of the Motor Vehicle Code provided as follows.

> § 6503. Subsequent convictions of certain offenses
>
> (a) General offenses. — Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisonment for not more than six months, or both:
>
> Section 1543(a) (relating to driving while operating privilege is suspended or revoked) except as set forth in subsection (a.1).
>
> Section 3367 (relating to racing on highways).
>
> Section 3733 (relating to fleeing or attempting to elude police officer).
>
> Section 3734 (relating to driving without lights to avoid identification or arrest).
>
> Section 3748 (relating to false reports).

75 Pa.C.S.A. § 6503(a). In this case, [Sowell] was sentenced under Section 3733(a.2), which provides as follows.

> § 3733. Fleeing or attempting to elude police officer
>
> . . .
>
> (a.2) Grading. —
>
> (1) Except as provided in paragraph (2), an offense under subsection (a) constitutes a misdemeanor of the second

11

degree. Any driver upon conviction shall pay an additional fine of $500. This fine shall be in addition to and not in lieu of all other fines, court expenses, jail sentences or penalties.

(2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:

> (i) commits a violation of section 3802 (relating to driving under influence of alcohol or controlled substance);
>
> (ii) crosses a State line; or
>
> (iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

*Id.* § 3733 (a.2).

This Court already considered and rejected [Sowell's] argument in *Commonwealth v. Bowen*, 55 A.3d 1254 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013). In *Bowen*, this Court undertook an extensive analysis of Sections 3733(a.2) and 6503. At the conclusion of which, this Court held that "the General Assembly created Section 3733(a.2)(2) to add an aggravated offense level to the crime of fleeing or attempting to elude police." *Id.* at 1269-1270. We concluded that Section 3733(a.2) is a specific provision which controls the more general provision at Section 6503. *Id.* at 1270. Therefore, in such cases, we concluded that the statutory maximum sentence was not six months' imprisonment pursuant to Section 6503, as [Sowell] argues here. *Id.* As [Sowell's] argument is foreclosed by *Bowen*, we conclude [Sowell's] sentence is not illegal. [FN 7 - [Sowell] acknowledges *Bowen*, but baldly states that we should ignore it because it was decided subsequent to his sentence. [Sowell's] Brief at 8. We decline [Sowell's] invitation to ignore a binding case that is directly on point, which incidentally was decided while [Sowell's] direct appeal was pending.].

*Commonwealth v. Sowell*, 2016 WL 4723850, at *2-3 (certain footnotes omitted).[6]

Generally, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding. *Pringle v. Court of Common Pleas*, 744 F.2d 297, 300 (3d Cir. 1984); *see also* 28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67 ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Unless the state sentencing court committed a constitutional violation, a federal court has no basis to grant habeas relief. *United States v. Addonizio*, 442 U.S. 178, 186, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

On collateral appeal, Sowell argued that the length of his sentence on the fleeing and eluding count was illegal. The Pennsylvania Superior Court found that this sentence fell squarely within the state statute applicable to persons convicted of felonies of the third degree. The state court noted that Section 3733(a.2)(2) added an aggravated offense level to the crime of fleeing or attempting to elude police. The state court further noted that "[Sowell] took the police on a high[-]speed chase through busy intersections in the City of Williamsport", thus raising his offense to an aggravated felony pursuant to § 3733(a.2)(2). *Commonwealth v. Sowell*, 2016 WL 4723850, at *3 n.2. Because the offense of fleeing and eluding was classified as a felony of the third degree, Sowell received a sentence of

---

[6] The Pennsylvania Superior Court also found that Sowell failed to raise his second and third issues on direct appeal, and were thus waived under the parameters of the PCRA. *Commonwealth v. Sowell*, 2016 WL 4723850, at *3. Those issues were not raised on federal habeas review.

eighteen months to thirty-six months, within the range applicable to persons convicted of third degree felonies. The state court found that pursuant to binding caselaw, § 3733 (a.2)(2) was a more specific provision, controlling the more general provision of § 6503(a), and, thus, Sowell's sentence was legally imposed. The state court's decision was entirely within its discretion, and wholly in accordance with controlling state law.

Furthermore, there is no Eighth Amendment or due process violation arising from the length of the sentence imposed. Sowell's sentence did not exceed the statutory limits and is therefore not grounds for federal habeas relief. *See Lebar v. Thompson*, 2013 WL 1969367 (M.D. Pa. 2013) (holding that because the state prisoner's sentence falls within the statutory sentencing maximum, the court's finding that the sentence is not excessive can not be disturbed); 18 Pa.C.S. § 1103 (stating that the maximum sentence for a person convicted of a felony of the third degree is not more than seven years).

Accordingly, Sowell's sentence was applied within the broad limits established by the Constitution, and his present objection to the sentence length fails to raise a cognizable claim for federal habeas relief.

## V. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial

showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, a COA will not issue.

## VI. Conclusion

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus. A separate Order shall issue.

Date: January 17, 2019

Robert D. Mariani
United States District Judge

15